**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4045**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LEWIS DANIEL BARNES,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:16-cr-00021-CCE-1)

Submitted:  September 26, 2017          Decided:  November 7, 2017

Before DUNCAN, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark A. Jones, BELL, DAVIS & PITT, PA, Winston-Salem, North Carolina, for Appellant.  Terry Michael Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lewis Daniel Barnes appeals his conviction pursuant to his guilty plea to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012). He was sentenced within the properly calculated Sentencing Guidelines range to 151 months' imprisonment. Barnes' attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding there are no meritorious grounds for appeal but questioning whether Barnes entered his plea knowingly and voluntarily. Although notified of his right to file a pro se brief, Barnes has not done so.

Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that he comprehends, the nature of the charge to which he is pleading guilty, the maximum possible penalty he faces, any mandatory minimum penalty, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the plea is voluntary in that it did not result from force, threats, or promises outside the plea agreement, and is supported by an independent factual basis. Fed. R. Crim. P. 11(b)(2)(3).

At his Fed. R. Crim. P. 11 hearing, Barnes stated he was not under the influence of mind-altering drugs or alcohol, that he understood the nature of the proceedings, the potential sentence he faced, the rights he was giving up by pleading guilty, and the consequences of his guilty plea. Barnes also stated that no one had threatened or promised him any leniency in order to pressure him to plead guilty, that he had had an opportunity to discuss his plea agreement with his attorney, and that he was fully satisfied with

counsel's service and advice. The district court determined that Barnes' plea was knowingly and voluntarily entered and that it was supported by a factual basis. Our review of the transcript reveals that the district court complied with the requirements of Rule 11, that a factual basis supported the plea, and that Barnes' plea was knowingly and voluntarily entered. Accordingly, we find that Barnes' guilty plea was valid.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Barnes, in writing, of the right to petition the Supreme Court of the United States for further review. If Barnes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Barnes. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*